08-4446-cr (L), 08-4913-cr (CON)
USA v. Mercede (Garcia)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

Present:
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                         Nos.  08-4446-cr(L),
                                                    08-4913-cr(CON)

JULIO A. ORTIZ, also known as "Junior," JORGE BADILLA, also known as "Eagle,"

     *Defendants*,

RENALDO GARCIA, also known as "Shorty," JOSE MERCEDE, also known as "Daddy-O,"

*Defendants-Appellants.*

_____

For Defendant-Appellant
Jose Mercede:                            B. ALAN SEIDLER, New York, NY

For Appellee:                            RACHEL J. NASH (Jo Ann M. Navickas, *on the brief*),
                                          Assistant United States Attorneys, *for* Benton J.
                                          Campbell, United States Attorney for the Eastern
                                          District of New York, Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Jose Mercede appeals from an order of the district court entered September 24, 2008, denying his motion for a sentencing reduction. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Mercede contends that the district court's finding that he was responsible for more than 4.5 kilograms of crack cocaine was not supported by the evidence and that the district court did not sufficiently explain why it was denying Mercede's motion.[1] His arguments are without merit.

_____

[1] At the time of Mercede's original sentencing, the district court accepted the PSR's determination that Mercede's base offense level was 38, which corresponded to a finding that Mercede was responsible for 1.5 kilograms or more of crack cocaine. The PSR stated that a base offense level of 38 was appropriate because Mercede was responsible for at least 26 kilograms of cocaine, a finding that the district court did not explicitly adopt at the sentencing, but to which Mercede did not object. When considering Mercede's motion to reduce his sentence, the court found a potential "fairness problem" with simply accepting that Mercede had been found responsible at his sentencing for at least 26 kilograms of cocaine as set forth in the PSR because the district court thought that, under the then-mandatory Guidelines scheme, a defendant who "believed in his heart that the actual facts were [that he was responsible for] an amount of crack

2

First, the evidence was more than sufficient to allow the district court to find Mercede's offense involved more than 4.5 kilograms of crack cocaine. The government presented, *inter alia*, Mercede's own statement in a proffer session that the conspiracy sold, on average, 70 to 80 grams of crack cocaine per week, multiplying the lower estimate, 70 grams, by 100 weeks (less than the total length of the charged conspiracy), yields a total of 7 kilograms of crack cocaine sold by the conspiracy, well above the 4.5 kilogram threshold at issue here. Although on appeal Mercede argues that the crack cocaine amounts the government offered are "either vague, or undefined, and clearly not placed in the context of a time frame," Mercede did not make this argument to the district court, and we see no error in the district court's conclusion that Mercede was responsible for at least 4.5 kilograms of crack cocaine, given his own quite specific estimate of the amount of crack cocaine the conspiracy sold per week and the duration of that conspiracy.

Second, the district court was sufficiently specific in its explanation of why it was denying Mercede's motion. The district court said:

> The motion is denied. I find after a hearing on the issue that the quantity of crack cocaine involved in the offense far exceeded 4.5 kilograms. Accordingly, the application of the retroactive guideline to the defendant's case does not produce a lower sentencing range. He is therefore ineligible for a reduction of sentence.

From this explanation, it is clear that the district court credited the evidence the government submitted, including, as noted above, Mercede's own statements in his proffer, and on that basis found that Mercede was ineligible for a sentence reduction. In light of the hearing the district

---

cocaine between 1.5 kilos and 4.5 kilos . . . would have little or no incentive to litigate that issue, and . . . would have a disincentive to litigate that issue." To remedy the problem that it identified, the district court held a hearing to determine the amount of crack cocaine in excess of 1.5 kilograms for which Mercede was responsible, and ultimately found that "the quantity of crack cocaine involved in the offense far exceeded 4.5 kilograms." Because Mercede raised no objection to this procedure, either in the district court or on appeal, we do not review its use.

court held and the parties' submissions on the issue of whether Mercede was eligible for resentencing, the district court's explanation of its decision was sufficient, and nothing more was required. *Cf. United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) (noting that "[a] court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did" (internal quotation marks omitted)).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

4